RICHARD TREGASKIS, RELATOR v. JUDGE OF THE SUPERIOR COURT OF DETROIT.

*Receiver—Order giving possession.*

The court of chancery has authority in proper cases to appoint a receiver to take possession of and hold, pending litigation, property, the right to which is contested in that court.

A bill was filed by a corporator to reach property which it alleged had been fraudulently mortgaged by the directors of the corporation to a trustee for themselves, and the mortgage then foreclosed and the

property sold under it, thereby rendering the corporation insolvent. The purchaser was made a party, and was charged with having been cognizant of the frauds. After the bill was filed, motion was made for a receiver, and the defendants consented to the appointment. The purchaser, however, when the receiver undertook to take possession, resisted him. On a motion to put the receiver into possession, the purchaser was heard on affidavits, but his explanations were not satisfactory.

*Held,* that the order of the court of chancery putting the receiver in possession, would not be disturbed.

Mandamus. Submitted Jan. 17. Denied Jan. 18.

*Edwin F. Conely* for the writ.

*William H. Wells* against.

COOLEY, J. This is an application for a *mandamus* to require the Superior Court to vacate an order entered in a suit pending on the chancery side of that court, to put a receiver in possession of certain personal property which relator claims to have purchased of parties who had bought it at a mortgage foreclosure. The property had belonged to a corporation, and had been sold on a chattel mortgage purporting to be given by the corporation to a trustee for the benefit of some of the directors. The suit in chancery was instituted by a stockholder, who alleged that the mortgage was without consideration, fraudulent and void, and that the corporation was rendered insolvent by enforcing it. Facts were set forth in the bill to connect relator with the fraud, and it was claimed that he was not a *bona fide* purchaser. Upon the bill complainant moved for the appointment of a receiver, and relator, who had been made a defendant, consented to the appointment. When the receiver went to take possession of the property claimed by the relator, he resisted, and the receiver failed to obtain it. The Superior Court then made the order which is complained of, after a hearing on which the relator made a showing by affidavits.

The relator claims that it is not competent for a court of chancery to take from a party property which he claims by

purchase, and deprive him of it under circumstances that may be disastrous. We agree that it should only be done under very special circumstances. But the power of the court to take possession of property the title to which is in dispute, and to hold it through its officer until the controversy is determined is undoubted; and cases sometimes arise in which the duty to take that course is imperative. It would be extraordinary if a party, by simply claiming to have purchased the property of another, should by his mere claim establish himself in possession until final judgment upon it could be reached. Such a rule would give immunity to fraud in many cases.

The jurisdiction being ample, the question which remains is whether it has been properly exercised. We have considered the affidavits presented on behalf of relator, and agree with the Superior Court that his explanations are not satisfactory.

The motion for a *mandamus* will therefore be denied.

The other Justices concurred.